CHARLES H. SWEETSER, OF SAN DE FUCA, WHIDBEY ISLAND, WASHINGTON; ELIZA LOWELL HALEY, OF BUCKSPORT, STATE OF MAINE; KINNEY C. LOWELL, OF BOSTON, STATE OF MASSACHUSETTS; KINNEY C. LOWELL, AS GUARDIAN OF MARY R. LOWELL, A PERSON OF UNSOUND MIND, OF BUCKS-PORT, STATE OF MAINE; ABRAM LOWELL, OF ABRAM, STATE WISCONSIN, APPELLANTS, V. SIMEON LADD, OF BUCKSPORT, STATE OF MAINE; MARY E. SMITH, OF BUCKSPORT, STATE MAINE; FRANK T. CULLENS, OF JACKSONVILLE, STATE OF FLORIDA; CAROLINE GILLETT, OF SIOUX FALLS, STATE OF SOUTH DAKOTA; MARION FLETCHER MACDONALD, OF BAR HARBOR, STATE OF MAINE; MRS. A. M. MACDONALD, OF BAR HARBOR, STATE OF MAINE, AND A. M. MACDONALD, HER HUSBAND; A. M. MACDONALD, IN HIS OWN RIGHT, A. M. MACDONALD, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF ABBIE R. DODGE, DECEASED, APPELLEES.—DUVAL COUNTY.

Where the testimentary capacity of a testratrix and alleged undue influence over her in making a will are adjudged by the County Judge on evidence taken before him and the will is sustained for probate, and such adjudication is, on appeal, affirmed by the Circuit Court, and the evidence, without reference to the burden of proof, fully sustains

the adjudication in favor of the validity of the will, this court will not, on apeal, disturb such adjudications.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Alex St. Clair Abrams* and *Gibbons & Maxwell,* for Appellants.

*Axtell & Rinehart,* for Appellees.

PER CURIAM: Mrs. Abbie R. Dodge, a childless widow died in Jacksonville on the 28th day of Mrch, 1904. By a will executed January 22, 1903, after making specific bequests to various relatives she devised the rest of her large estate, which she had acquired chiefly if not wholly by her own efforts to A. M. McDonald who had been for several years the pastor of her church. The will was executed in proper form and was duly probated by the County Judge of Duval county, Florida. A petition was filed by certain of her heirs praying the revocation of the will, alleging that the testatrix was mentally incapable of executing a will and that the will was procured by the undue influence of MacDonald. Voluminous evidence was taken upon the issues thus raised and the County Judge denied the petition. An appeal was taken to the Circuit Court for the Fourth Judicial Circuit, and this action was affirmed. The contestants thereupon appealed to this court and pray a reversal of both courts.

Irrespective of where the burden of proof may lie in such cases and blotting out the fact that two capable judges, who are probably well acquainted with the majority of the witnesses in the case, one of whom had them before him, have separately upheld the will as against the assaults made upon it, we are confident, after a most careful study of the record, not only that Mrs. Dodge had at the time of making the will the requisite mental capacity, but that her mind was above the average in strength and clearness and that she was not unduly influenced by Mr. MacDonald. For the courts to set aside a will upon the facts in this record would be to unduly impair the power given by the Legislature to make wills.

We find no reversible error in the admission or rejection of evidence. A broad, in fact a too liberal, latitude was allowed the contestants in the introduction of their evidence, but as to this they can not complain.

Had the courts found other than they did, we would have felt called upon to interfere, but as they found correctly, the decree of the Circuit Court, affirming the order or decree of the County Judge is itself affirmed.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.